SALLIE ST. VICTOR, Respondent, v. JOHN R. EDWARDS et al., Appellants.

St. Louis Court of Appeals. Argued and Submitted February 7, 1911. Opinion Filed February 21, 1911.

1. **REPLEVIN: Finding for Plaintiff: Sufficiency of Evidence.** In an action to replevy a note, brought by the payee against the maker, the defense being that the maker was ·entitled to possession of the note on the ground it had been delivered to him by the payee, in pursuance of an arrangement whereby the latter had agreed to accept a testamentary gift from a third person in payment of it, *held*, the evidence was sufficient to warrant a finding by the jury that plaintiff had not surrendered and delivered up the note to defendant as paid and that plaintiff was entitled to its possession.

2. **INSTRUCTIONS: Refusal: Covered by Instructions Given.** It is not error to refuse an instruction which is covered by the instructions given.

3. **EVIDENCE: Purpose of Conduct: Harmless Error: Appellate Practice.** Where, in an action to replevy a note, brought by the payee against the maker, all the facts were shown by competent testimony, the error in permitting plaintiff to answer a question as to his purpose in surrendering the note to the maker was not prejudicial.

4. **TRIAL PRACTICE: Credibility of Witnesses: Question for Jury.** The credibility of witnesses is for the jury.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Pearson & Pearson* for appellant.

There is no substantial evidence to support this judgment; and for this reason, it should be reversed. Uhrich v. Osborn, 106 Mo. App. 492; Warren v. Ins. Co., 130 Mo. App. 226; Long v. Moon, 107 Mo. 334; Caldwell v. Railroad Co., 181 Mo. 455; May v. Crawford, 150 Mo. 504.

*J. D. Hostetter,* for respondent, filed argument.

REYNOLDS, P. J.—This is an action in replevin for the recovery of a note for the sum of five hundred dollars, alleged to be the property of plaintiff and to the possession of which she is entitled, the note being described as executed by defendants, payable to the order of plaintiff, it being averred that nothing had been paid on the note except the first year's interest; that the value of the note is $550 and that defendants, who are husband and wife, wrongfully detain the note from plaintiff. Judgment is asked for the recovery of possession of the note and damages for the detention thereof.

The answer admits the execution of the note and payment of $25 on it, but avers that defendants made payment of $4.16 additional. As a further defense it is averred that after the execution of the note one Sarah C. Lyons, now deceased, was about to and did execute her will; that she owned jointly with plaintiff a certain bond for the sum of $1000; that she told defendant Margaret A. Edwards that it was her desire and intention to pay off and discharge the note of defendants to plaintiff herein and that she was going to do so by her will, giving to plaintiff her (Mrs. Lyons') half interest in the $1000 bond; that Mrs. Edwards communicated the intention and desire of Mrs. Lyons to plaintiff and that plaintiff consented thereto; that shortly thereafter Mrs. Lyons made and executed her will, duly admitted to probate, and that by the will she bequeathed to plaintiff her half interest in the bond, with the further bequest of $1000; that plaintiff accepted the gift and bequest and afterwards, in pursuance of the arrangements, agreements and settlements, delivered and surrendered the note to defendants. As a further defense, setting up the intention of Mrs. Lyons to execute her will and that she jointly with plaintiff owned a $1000 bond and that she told de-

fendant Mrs. Edwards that it was her desire and intention to pay off and discharge the $500 note sued on "by willing and giving" to plaintiff her (Mrs. Lyons') half interest in the $1000 bond, the answer avers that Mrs. Edwards communicated the intention on the part of Mrs. Lyons to plaintiff; that Mrs. Lyons made her will and in it gave and bequeathed to plaintiff the half interest in the bond which Mrs. Lyons and plaintiff owned, together with the further bequest to plaintiff of the sum of $1000; that plaintiff accepted the gift and bequest so made in full payment and satisfaction of the note and that in June, 1907, after the death of Mrs. Lyons and after her will had been duly filed and probated, plaintiff and defendants, "recognizing and accepting the act of said Sarah C. Lyons, in willing, giving and bequeathing her one-half interest in said bond to the plaintiff as being in payment of the same; and a settlement and satisfaction of said note and the plaintiff delivered up said note to the defendants." Defendants accordingly plead full payment and satisfaction of the note and that it was delivered to them by plaintiff because of the fact that it was paid in full and so considered by her.

The reply, after a general denial of the allegations, except as specially admitted, admits the making of the will by Mrs. Lyons; that plaintiff and Mrs. Lyons were the joint owners of the $1000 bond; that Mrs. Lyons bequeathed to her (plaintiff) her (Mrs. Lyons') one-half interest in the bond; that the will had been duly probated and that it made a further bequest to her (plaintiff) of $1000; admits that after the death of Mrs. Lyons and the probate of the will, plaintiff delivered the possession of the note to defendants but that they had procured it from her by falsely representing to her that the bequest of one-half interest in the $1000 bond made by the will of Mrs. Lyons was made and intended by her as payment of the note, whereas in point of fact the bequest was unconditional and was not in satisfac-

tion or payment of the note and not so intended by Mrs. Lyons. Plaintiff further avers in this reply that at the time she delivered the note to defendants, she was in bad health and expecting to leave home to have a dangerous surgical operation performed on her and was at that time "in such a disturbed and distressed condition of mind, in addition to her physical ailments, that she was mentally irresponsible, and yielded by reason of her weak and enfeebled mental and physical condition to the importunities of the defendants and their false and fraudulent statements and representations and delivered possession of the note to them without any consideration whatever, and without the same being paid off and discharged and while the same was a valid and subsisting obligation against defendants." Plaintiff again averring that at the time she delivered possession of the note to defendants, she was about to leave her home to have a dangerous surgical operation performed on her and from which plaintiff felt that she might never recover, avers that she was beset with the importunities of defendants to turn over possession of the note to them so that in event she should die under the operation they would have possession of the note; that under these circumstances she delivered possession of the note to defendants with the intention of requiring defendants, in case she survived the operation, to return the note to her, and she avers that she never at any time delivered possession of the note to the defendants or either of them with the purpose and intention on her part to part with the title to the note; neither was it the intention of defendants that they, in receiving possession of the note, should acquire any title or ownership thereto; that they merely received the possession of the note because of the fact that they had persistently but falsely urged on plaintiff the claim that Mrs. Lyons provided in her will that the bequest of one-half interest in the bond should be and was in payment of the note, and she avers that they took the note, not with

the idea of acquiring title or ownership thereto as against plaintiff, but merely to hold the same until it should be ascertained whether plaintiff would survive the operation, and it was then the intention and purpose of all the parties that if plaintiff did so, the note should be returned and possession thereof given up to her; that shortly after her return after having undergone the surgical operation, she requested defendants to return the note and deliver up possession thereof to her, and that she had frequently made that demand of them up to the time of the institution of the suit; wherefore she prays judgment as in her petition.

The trial was before the court and a jury. It is sufficient to say that plaintiff and Mrs. Edwards testified and introduced evidence along the lines of their respective pleadings. The testimony of these ladies was flatly contradictory to each other on practically every material fact. The testimony of the other witnesses was on mere collateral matters. The will of Mrs. Lyons made no reference to the $500 note in suit. At the conclusion of the testimony the court gave eight instructions at the request of defendants, refusing seven which defendants prayed. No instructions were asked or given at the instance of plaintiff, the jury returning a verdict in favor of plaintiff and finding that she was entitled to the possession of the note and that defendants were detaining it unlawfully, assessed the value of it at $535. Judgment followed accordingly as provided by statute in the action of replevin. Defendants in due time filed their motions for new trial and in arrest, both of which were overruled, defendants saving exception and afterwards perfecting appeal to this court.

The assignments of error made by the learned counsel for appellant are five; the first and fifth are practically assignments of error to the action of the court in refusing to sustain demurrers to the evidence; the second is to the refusal of the court to give proper and legal instructions asked by defendants; the third is

to the allowance of illegal and improper testimony; the fourth is bottomed on the allegation that the jury disregarded instructions of the court given in behalf of defendants; and the sixth is to the action of the court in overruling the motions for a new trial and in arrest.

Taking these up in their order, while as before noted the testimony of Miss St. Victor and that of Mrs. Edwards was flatly contradictory of each other on practically every material matter, that of plaintiff, if true, fully sustained the matter pleaded by her, except as to fraud, and as to that the court told the jury in the first instruction given, that there was no evidence that the note had been secured by defendants by means of fraudulent statements. Plaintiff testified very distinctly that she had never surrendered or delivered up the note to defendants as paid. There was no error in overruling the demurrers.

We have carefully examined and considered the refused instructions and are greatly aided by having before us the reasons moving the trial judge in overruling most of them. It is not necessary to encumber the record with setting out these instructions; it is sufficient to say that the action of the learned judge in refusing them was correct. They were either incorrect, or covered by those given. Examining the instructions given at the instance of defendants, it is very clear that they placed the case before the jury in the most favorable light possible for the defendants. We have noticed the first. The second told the jury that if plaintiff parted with the possession of the note by voluntarily delivering it to defendants or either of them the law presumed there was some consideration therefor, there being no evidence in the case that the note was surrendered by plaintiff to defendants as a gift. The third told the jury that if they found from the testimony that at any time prior to the instituion of the suit, plaintiff had parted with the possession of the note in controversy by voluntarily delivering the same to defendants or

either of them, intending at the time to part with the title thereof, their verdict should be for defendants. The fourth told the jury that if they found that in July, 1907, after the death of Mrs. Lyons, plaintiff and defendants or either of them had a conference, the subject-matter of which was the note in controversy, and if they found from the testimony that at that conference plaintiff delivered the note to defendants or either of them, with the intention then and there of parting with the title thereto, their verdict should be for defendant. The fifth told the jury that if they found that plaintiff had voluntarily delivered possession of the note to defendants after its maturity, the law presumes that plaintiff intended to part with the title thereto and unless they further found from the evidence that there was other intention on the part of plaintiff in delivering possession of the note to defendants than that of parting with the title thereto and that such intention, if any, was communicated to defendants at the time, and unless such intention had been shown by the evidence in the case, their verdict should be for defendants. The sixth told the jury that if they believed from the evidence that Mrs. Lyons entered into an agreement with plaintiff by which she would bequeath to plaintiff one-half of the $1000 bond mentioned, if plaintiff would deliver to defendants the note sued for in the cause, and if the jury found that the bequest was under such agreement and that the note was delivered by plaintiff to defendants under it, their verdict should be for defendants. The seventh told the jury that under the evidence in the case, it appeared that plaintiff had received the one-half interest of Mrs. Lyons in the joint $1000 bond referred to. The eighth told the jury that if the plaintiff and defendants or either of the latter had a conference at which it was agreed between them that if plaintiff would deliver up the note in controversy to defendants they would return the note in question to plaintiff or pay her the amount thereof, if the will of

Mrs. Lyons should be set aside and plaintiff did not receive the one-half interest of Mrs. Lyons in the $1000 bond referred to, and if they further found that in pursuance of that settlement and as the sole reason therefor plaintiff delivered up the note in question to defendants, their verdict should be for defendants, provided they further found that the will of Mrs. Lyons was not set aside and that plaintiff received the one-half interest of Mrs. Lyons in the $1000 bond referred to in the will. Without passing on the correctness of these instructions, it can be most certainly said of them that they presented defendants' side of the case in the strongest and most favorable attitude that they could possibly ask.

The only evidence as to the admission of which error is assigned is that given by plaintiff in answer to a question as to her purpose in giving up the note. While that question should not have been asked in that form, the facts attendant upon the whole matter were so fully brought out by competent testimony that we do not think that the action of the court in overruling the objection to it was reversible error.

There was evidence before the jury which warranted them, in the light of the instructions given, to find as they did; the credibility of the witnesses giving it was for the jury; the court very distinctly stated the issues, and it cannot be said that the jury disregarded the instructions given on behalf of defendants.

It follows that the action of the learned trial court in overruling the motions for a new trial and in arrest was not error.

The judgment of the court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.